**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**CHARLES E. CUMMINS, ADC # 94179**                                   **PLAINTIFF**

V.                        **CASE NO. 5:09CV00221 BSM/BD**

**LARRY NORRIS, *et al.***                                            **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I**.     **Procedure for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge Brian S. Miller. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If an objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

II.     **Background:**

On August 6, 2009, Plaintiff Charles Cummins, an inmate at the Tucker Unit of the Arkansas Department of Correction ("ADC"), filed his original complaint (docket entry #2) under 42 U.S.C. § 1983.  Plaintiff later filed an addendum to his complaint (#15).  Plaintiff named as Defendants employees of the both the ADC and Correctional Medical Services ("CMS"), as well as CMS itself.[1]   Plaintiff seeks monetary damages and injunctive relief claiming Defendants acted with deliberate indifference to his medical needs.

In his complaint, Plaintiff claims that he is diabetic and has a medical prescription to wear tennis shoes.  Plaintiff alleges that on December 29, 2008, ADC Defendants Marshall and Hutchinson refused to allow him to wear tennis shoes when he was leaving the unit for an eye examination.  (#2 at pp. 16-18)  Plaintiff claims that, because he was unable to wear his tennis shoes and because Defendants Rectenwald and Huff inappropriately treated his diabetes and related foot infection, he was required to undergo three surgeries and the amputation of four of his toes.  (#2 at pp. 18-19, 24, #121-1 at pp. 10-11)  Finally, Plaintiff claims that Defendant King failed to properly process grievances he filed after the incident.  (#2 at pp. 26-37)

Defendants Norris, Banks, Marshall, and Hutchinson (the "ADC Defendants") have moved for summary judgment (#119), and Defendants Romona Huff, Sharon King,

---

[1]This Court dismissed CMS from the case in an order dated January 5, 2010. (#73)

and Robert Rectenwald, M.D. (the "CMS Defendants") have filed a separate motion for summary judgment (#122). The Plaintiff has responded to Defendants' motions. (#130, #134) The Court recommends that Defendants' motions (#119 and #122) be GRANTED.

### III. <u>Discussion</u>:

    A.    Summary Judgment Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)). If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex,* 477 U.S. at 322. "Although it is to be construed liberally, a *pro se* complaint must

contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

  B. ADC Defendants

  In their motion for summary judgment, the ADC Defendants argue that Plaintiff's claims against them fail as a matter of law because: (1) Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"); (2) they are entitled to both sovereign and qualified immunity; and (3) Plaintiff failed to establish a prima facie case of deliberate indifference. The Court agrees that Plaintiff failed to exhaust his administrative remedies on his claims against the ADC Defendants.

  1. Exhaustion

  The PLRA requires that prisoners exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained"). The United States Court of Appeals for the Eighth Circuit has defined "available" as "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). It does not matter whether the prisoner subjectively believed that there was no point in pursuing his administrative remedies. *Lyon v. Vande Krol*, 305 F.3d 806, 808-09 (8th Cir. 2002); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied 531 U.S. 1156 (2001).

If exhaustion is not complete by the time of the filing of the prisoner's complaint, dismissal is mandatory. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Prisoners have been excused from completing administrative procedures only when correctional officials have prevented prisoners from utilizing the procedures or when the officials themselves have failed to comply with the administrative procedures. *Miller v. Norris*, *supra* at 740; *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001).

In this case, Plaintiff filed four grievances related to the December, 2008 incident before filing this lawsuit. Plaintiff's first grievance (TU-09-00022) was filed on February 3, 2009. (#2-2 at p. 11) Because the grievance involved a medical issue, the ADC forwarded it to Sharon King, Health Services Administrator who, according to Plaintiff, responded to the unit level grievance on April 3, 2009. (#2-2 at p. 12) Plaintiff did not appeal the grievance to the next level or immediately file a grievance regarding the lack of a response. (#121-3 at p. 2)

Plaintiff's second grievance related to this matter (#TU-09-00023) was dated January 26, 2009. (#2-2 at p. 18) Plaintiff's grievance was rejected at the unit level, and he appealed the decision to Deputy Director Wendy Kelley, who rejected the appeal because Plaintiff failed to provide a grievance number on the appeal form as required by the grievance procedure. (#2-2 at p. 28, #121-3 at p.2)

The third grievance (#TU-09-00024) was also denied at the unit level and appealed to Deputy Director Wendy Kelley (#2-2 at p. 19), but the appeal of grievance #TU-09-

00024 was also rejected because Plaintiff did not attach the documentation required by the grievance procedure. (#2-2 at p. 27, 121-3 at p. 2)

Plaintiff filed a fourth grievance (#TU-09-00075) on April 27, 2009. In #TU-09-00075, Plaintiff grieved "inadequate medical treatment, unprofessionalism from staff members and evasive tactics in answer to resolution as well as manipulation of the resolution and grievance procedures by failing to return to me the appeal form for grievance #TU-09-00022 in a timely fashion to be forward to Director of Health Service by prior administrator Ms. King." (#2-2 at p. 37) Plaintiff attached eight additional pages to the grievance form. (#2-2 at p. 37)

Walter Holloway, Health Service Administrator, responded to the grievance on April 28, 2009. Mr. Holloway returned to Plaintiff the eight pages he had attached to the grievance form because, under AD 09-01, the ADC's grievance policy, he could not accept or consider the pages. (#124-1 at p. 10) Mr. Holloway then found that Plaintiff's claim of inadequate medical treatment lacked merit because Plaintiff had not referenced a specific incident of inadequate treatment or unprofessionalism as required by the ADC grievance policy. Mr. Holloway noted that Ms. King had not been employed at the Tucker Unit since April 1, 2009, and found that Plaintiff's grievance against Ms. King for mishandling grievance #TU-09-00022 could not be reviewed because the events being grieved occurred outside the fifteen day time limit for filing a grievance.

Plaintiff appealed Mr. Holloway's response to grievance #TU-09-00075 to Deputy Director Wendy Kelley. (#2-2 at p. 38) Ms. Kelley agreed with Mr. Holloway's response to Plaintiff's grievance and found Plaintiff's appeal to be without merit. (#2-2 at p. 35) Ms. Kelley acknowledged that Plaintiff had exhausted grievance #TU-09-00075, but noted the additional pages Plaintiff had originally attached to the grievance were not considered part of the exhausted grievance. (#2-2 at p. 35)

    2.    Larry Norris and James Banks III

In his addendum to his complaint, Plaintiff claims Defendant Norris, as Director of the ADC, and Defendant Banks, as Warden of the Tucker Unit of the ADC, violated his eighth amendment rights by allowing and condoning a "policy or customary practice" that "an inmate can not wear tennis shoes away from the compound on gate pass." (#15 at pp. 2-3) Plaintiff did not administratively exhaust this claim.

Plaintiff's only exhausted grievance, #TU-09-00075, does not mention Defendants Norris or Banks and does not discuss the ADC's policy regarding footwear that must be worn when leaving the compound. (#121-3 at p.2) Accordingly, Plaintiff failed to exhaust his available remedies before filing suit against Defendants Norris and Banks, as required by the PLRA, and they are entitled to summary judgment. See *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001).

### 3. John Ella Marshall and David Huchinson

Plaintiff claims that Defendants Marshall and Huchinson did not permit him to wear his prescribed tennis shoes when he left the unit for an eye appointment on December 29, 2008. Again, the only exhausted grievance, #TU-09-00075, does not mention Defendant Marshall or Defendant Huchinson and does not specifically discuss the events of December 29, 2008. The grievance generally mentions "inadequate medical treatment," but Defendants Marshall and Huchinson were not on the medical staff and were not responsible for the Plaintiff's medical treatment.

The grievance also mentions "unprofessionalism from staff members" but does not specify which staff members were unprofessional or whether these were ADC or CMS staff members. Further, the grievance does not allege a specific incident where staff acted unprofessionally.

Plaintiff claims that the eight pages that were originally attached to his grievance provided a detailed account of all of the events giving rise to his claim and that these pages should have been considered by the ADC. The ADC Inmate Grievance Policy (AD 09-01), however, specifically provides that an inmate must state his or her grievance "in the space provided" on the Unit Level Grievance Form. (#124-1 at p.7, #124-1 at p. 10) The policy further provides, "[a]dditional sheets a cannot be attached to the Unit Level Grievance Form and only information in the space provided will be considered part of the grievance submission." (#124-1 at p. 10) The additional pages Plaintiff attached to

grievance #TU-09-00075 were returned to him as required by the policy, and the claims Plaintiff allegedly asserted in those pages were not exhausted as part of the grievance.

Plaintiff failed to exhaust his available administrative remedies against Defendants Marshall and Hutchinson before filing his complaint. Accordingly, the ADC Defendants are entitled to summary judgment.

    C.    CMS Defendants

In their motion for summary judgment, the CMS Defendants argue that they are entitled to summary judgment because: (1) Plaintiff failed to exhaust his administrative remedies against them as required by the PLRA; and (2) Plaintiff has not provided sufficient evidence to support a due process claim against Defendant King.

    1.    Ramona A. Huff and Robert Rectenwald, M.D.

In his complaint, Plaintiff claims Defendants Huff and Rectenwald were deliberately indifferent to his serious medical needs. Defendants Huff and Rectenwald claim they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies as to this claim.

As set forth in detail above, Plaintiff's only exhausted grievance references "inadequate medical treatment" but does not specify which CMS staff members provided inadequate medical treatment. Further, the grievance does not allege the date and place where the alleged inadequate treatment was provided.

9

Plaintiff has failed to exhaust his administrative remedies as to his deliberate indifference claim against Defendants Huff and Rectenwald as required by the PLRA. Consequently, they are entitled to summary judgment.

  2.  Sharon King

In his complaint and grievance #TU-09-00075, Plaintiff claims that Defendant King failed to timely return grievance #TU-09-00022 to him, causing him to miss the fifteen-day time to appeal. Further, Plaintiff claims Defendant King did not properly address the issues in his other grievances. Plaintiff has fully exhausted his claims against Defendant King.

Plaintiff's claim that Defendant King delayed responding to his grievances in violation of ADC policy fails to state a claim under § 1983. Failure to follow ADC policy is not a constitutional issue. See *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (no § 1983 liability for violation of prison policy). Additionally, the Eighth Circuit Court of Appeal has clarified that prisoners do not have a constitutional right to a grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Therefore, a prison official's failure to properly process or respond to a grievance, standing alone, is not actionable under § 1983.

Further, even if Defendant King's response to Plaintiff's grievance #TU-09-00022 was delayed or if her responses to his other grievances were inadequate, Plaintiff still could have pursued an appeal. The Inmate Grievance Procedure (AD 09-01) provides

10

that "if an inmate has not received a response to his/her Unit Level Grievance within the allotted time frame as stated on the Acknowledgement Form . . . the inmate may move to the next level of the process, an appeal to the Chief Deputy/Deputy/Assistant Director's Level within five (5) working days."  (#124-1 at p. 12)

To the extent Plaintiff claims that Defendant King retaliated against him, this claim also fails.  To state a valid claim for retaliation, a prisoner must allege that: (1) he engaged in some protected activity; and (2) defendant took adverse action against him, in retaliation, "that would chill a person of ordinary firmness from engaging in that activity." *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004); see also *Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996) (inmate claiming retaliation is required to meet substantial burden of proving actual motivating factor for adverse action).  Mere speculative or conclusory allegations are insufficient to establish a retaliation claim.  *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam).

"The filing of a prison grievance, like the filing of an inmate lawsuit, is protected First Amendment activity."  *Lewis*, 486 F.3d at 1029.  "To avoid summary judgment, [Plaintiff] must submit affirmative evidence [of] retaliatory motive." *Id*. (internal quotation marks and citation omitted).

Here, Plaintiff has failed to present any proof that Defendant King took the type of adverse action against him required to establish a retaliation claim.  Plaintiff's failure to

do so is fatal to his claim.  See *Revels*, 382 F.3d at 876.  Accordingly, Defendant King is entitled to summary judgment.

## IV.   Conclusion:

The Court recommends that the District Court GRANT Defendants Larry Norris, James Banks III, John Ella Marshall, and David Hutchinson's motion for summary judgment (#119) and dismiss all claims against these Defendants without prejudice.  The Court also recommends that the District Court GRANT Defendants Ramona A. Huff, Robert Rectenwald, M.D., and Sharon King's motion for summary judgment (#122) and dismiss the claims against Defendants Huff and Rectenwald without prejudice and the claims against Defendant King with prejudice.

DATED this 26th day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE